UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUREKA DEVELOPMENT, INC., ) | |
|     ) | |
|     Plaintiff, ) | |
|     ) | |
| v. ) | No.  4:05CV1281 FRB |
|     ) | |
| PORT JEFFERSON REALTY, LLC, ) | |
|     ) | |
|     Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant Port Jefferson Realty, LLC's Motion for Summary Judgment (filed Aug. 31, 2007/Docket No. 65), plaintiff's memorandum in opposition (filed Sept. 24, 2007/Docket No. 87), and defendant's reply thereto (filed Sept. 27, 2007/Docket No. 92).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).  Upon review of the defendant's motion and the materials and briefs submitted in support of each party's position, the undersigned finds that defendant has failed to establish with the requisite clarity that it is entitled to judgment as a matter of law on the claim raised in the instant motion.  For the following reasons, therefore, defendant's Motion for Summary Judgment should be denied.

The instant cause of action comes before the Court on plaintiff's claims of breach of contract.  Specifically, plaintiff Eureka Development contends that it entered into a Purchase

Agreement with defendant Port Jefferson Realty whereby Port Jefferson agreed to purchase from Eureka Development certain real estate upon which a Walgreens was situated. The Purchase Agreement contained a section entitled "Purchaser's Contingencies," which indicated that "Purchaser's obligation to consummate the purchase . . . shall be subject to fulfillment, by satisfaction or waiver, on or before the date that is twenty-one (21) days from the date of this Agreement (the 'Contingency Date')," of certain contingencies. (Deft.'s Stmnt. of Undisp. Facts, para. 3.) The Purchase Agreement further provided that in the event Port Jefferson was not satisfied with one of the enumerated contingencies, it was to provide written notice to Eureka Development, on or before the Contingency Date, of its objection to the status of the property and indicating its specific reason(s) for such objection. (Id., para. 4.)[1]

Contained within the Purchase Agreement was a clause for liquidated damages which provided:

> [i]f Purchaser shall fail to close the purchase of the Premises as contemplated hereby due to the default of the Purchaser

---

[1] In a separate Order entered April 4, 2006, this Court denied plaintiff's Partial Motion for Summary Judgment finding there to be genuine issues of material fact as to whether and to what extent defendant objected to a contract contingency of the Purchase Agreement during the relevant period provided within the Agreement; whether such objection(s) contained specific reasons therefor as required by the terms of the Agreement; whether such objection(s) and non-approval of the contingencies were reasonable under the circumstances; and whether plaintiff cured and/or was obligated to cure defendant's objection(s). (See Order entered Apr. 4, 2006/Docket No. 50.)

> hereunder, and Purchaser shall not have cured said default within ten (10) days after written notice thereof, the Earnest Money and any interest thereon shall be paid to Seller as liquidated damages as Seller's sole and exclusive remedy for such default, Seller hereby specifically waiving any and all rights which it may have to damages or specific performance as a result of Purchaser's default under this Agreement.

(Pltf.'s Add'l Material Facts, para. 31.)

In accordance with the Purchase Agreement, Port Jefferson was to pay earnest money in the amount of $100,000.00 at the time of execution of the Agreement. The Purchase Agreement also provided for Port Jefferson to make an additional earnest money deposit in the amount of $125,000.00 at the expiration of the Contingency Date. (Id., paras. 34, 35.) Port Jefferson never deposited any earnest money with any entity in relation to the Purchase Agreement. (Id., para. 39.) In the instant lawsuit, plaintiff Eureka Development contends that Port Jefferson defaulted on the Agreement and failed to close due to its default, and that, therefore, Eureka Development is entitled to recover liquidated damages under the Purchase Agreement in the aggregate amount of $225,000.00, with interest thereon.

In the instant Motion for Summary Judgment, defendant Port Jefferson argues that if such a default occurred as alleged by plaintiff, plaintiff nevertheless cannot recover on its breach of contract claims inasmuch as it sustained no damage. Specifically,

and for purposes of the instant motion only, defendant avers that plaintiff sustained monetary damages in the amount of $45,999.00 as a result of the alleged breach of the Purchase Agreement. Defendant argues, however, that plaintiff nevertheless received at least $50,833.34 in rental payments from Walgreens during the relevant time period, which were payments plaintiff would not have received if the Agreement had been honored. Therefore, defendant argues, because plaintiff actually profited from defendant's alleged breach of the Agreement, it was not damaged and cannot recover liquidated damages under the contract. Defendant's argument is misplaced.

Liquidated damages clauses are enforceable if, *at the moment the contract is entered into*, 1) damages would be difficult to ascertain should the parties breach the contract and 2) the amount fixed is a reasonable forecast of just compensation for the harm that would be caused by the breach. AAA Unif. & Linen Supply, Inc. v. Barefoot, Inc., 81 S.W.3d 133, 137-38 (Mo. Ct. App. 2002); Paragon Group, Inc. v. Ampleman, 878 S.W.2d 878, 881 (Mo. Ct. App. 1994). Liquidated damages clauses typically appear in real estate sales contracts inasmuch as actual damages for breach of such contracts are uncertain and difficult to prove. AAA Unif. & Linen, 81 S.W.3d at 138; Paragon Group, 878 S.W.2d at 881. Although liquidated damages are a replacement for recovery of actual damages, the non-breaching party nevertheless must have been harmed

or damaged before a liquidated damages clause is triggered. Paragon Group, 878 S.W.2d at 881, 882; Strouse v. Starbuck, 987 S.W.2d 827, 829 (Mo. Ct. App. 1999).

For purposes of this summary judgment motion only, it is averred by the parties that plaintiff was damaged in the amount of $45,999.00 on account of defendant's alleged breach. This damage is all that must be shown. Although defendant argues that such damage should be offset by plaintiff's receipt of $50,833.34 in rental payments, defendant cites no authority, and the Court is aware of none, which requires actual, legal damages to be precisely measured before a non-breaching party may recover liquidated damages pursuant to the terms of a real estate purchase agreement entered into by the contracting parties. Because of this agreed-to provision of the contract, the reasonableness of which is not challenged here, it matters not whether the actual damages suffered by the non-breaching party are more or less than the amount stipulated in the liquidated damages clause. Warstler v. Cibrian, 859 S.W.2d 162, 166 (Mo. Ct. App. 1993); Burst v. R.W. Beal & Co., Inc., 771 S.W.2d 87, 91-92 (Mo. Ct. App. 1989); see also Trans World Airlines, Inc. v. Travelers Indem. Co., 262 F.2d 321, 325 (8th Cir. 1959) (summarizing Missouri law) (general rule enforced by the courts of the State of Missouri is that "where the parties especially provide or stipulate for liquidated damages, such liquidated damages take the place of any actual damages

suffered[.]"). Indeed, "'[t]he effect of a clause for stipulated damages in a contract is to substitute the amount agreed upon as liquidated damages for the actual damages resulting from breach of the contract, and thereby prevent a controversy between the parties as to the amount of damages.'" Trans World Airlines, 262 F.2d at 325 (quoting 15 Am. Jur. § 264, Damages, p. 697; and citing Stillwell v. Temple, 28 Mo. 156 (1859); Morse v. Rathburn, 42 Mo. 594 (1868); and Black v. Emory, 275 S.W. 48 (Mo. Ct. App. 1925), in support of the rule).

Further, to limit a non-breaching party's recovery of liquidated damages to only those damages actually incurred in effect imposes upon the non-breaching party a burden of mitigating the damages caused by the breaching party's failure to perform. See Burst, 771 S.W.2d at 91. "Neither law nor logic supports this imposition." Id.; see also 22 Am. Jur. 2d, Damages § 538 (2007) (with valid liquidated damages clause, non-breaching party does not have duty to mitigate damages following breach). As such, any benefits received by the non-breaching party should not be permitted to offset the damage the party would not have otherwise incurred but for the breaching party's conduct so as to effectively eliminate a valid liquidated damages provision lawfully agreed to and made a part of the bargained for contract. Indeed, as observed in Am. Jur. 2d, Damages § 538 (2007), citing Vrgora v. Los Angeles Unified Sch. Dist., 152 Cal. App. 3d 1178 (1984), "[I]n agreeing to

a liquidated-damages provision one, in effect, bargains away a claim that the other party would be unjustly enriched if the liquidated-damages provisions are enforced without offsetting benefits received by the other party."

Accordingly, on the information before the Court on the instant motion, plaintiff was damaged on account of defendant's alleged breach of the real estate contract and any benefits obtained thereby will not be applied to defeat the terms of the otherwise enforceable agreement which provides for liquidated damages. Because liquidated damages provisions are to be examined at the time the contract is entered into, and no challenge is raised here as to the reasonableness of the provision, the parties are bound by the agreed-to terms of the provision, regardless of the legal measurement of plaintiff's actual damages.

Therefore,

**IT IS HEREBY ORDERED** that defendant Port Jefferson Realty, LLC's Motion for Summary Judgment (Docket No. 65) is **DENIED.**

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _3rd_ day of October, 2007.