UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EUREKA DEVELOPMENT, INC.,            )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )     No.  4:05CV1281 FRB
                                     )
PORT JEFFERSON REALTY, LLC,          )
                                     )
                    Defendant.       )

## MEMORANDUM AND ORDER

Presently pending before the Court is plaintiff Eureka Development, Inc.'s Motion for Judgment as a Matter of Law (Docket No. 130). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Eureka Development, Inc., brought this action against defendant Port Jefferson Realty, LLC, alleging that the defendant breached its contract with plaintiff for the purchase of certain realty and breached its duty of good faith and fair dealing under the contract, and that therefore it was entitled to recover liquidated damages as provided in the contract. The matter was tried to a jury which returned verdicts in favor of defendant on plaintiff's claims. Judgment reflecting the jury's verdicts was thereafter entered.

Prior to the submission of this case to the jury, plaintiff filed a Motion for Judgment as a Matter of Law at the Close of All the Evidence, which the Court denied. Plaintiff has

- 1 -

now renewed its Motion for Judgment as a Matter of Law, arguing that the evidence at trial showed defendant to have indeed breached the contract by default and thus that plaintiff is entitled to liquidated damages as provided under the terms of the contract. Defendant has responded to the motion to which plaintiff has replied.

The legal question to determine in reviewing a motion for judgment as a matter of law is whether there is sufficient evidence to support the jury's verdict. Douglas County Bank & Trust Co. v. United Financial, Inc., 207 F.3d 473, 477 (8th Cir. 2000). The evidence must be viewed in the light most favorable to the prevailing party and the Court must not engage in a weighing or evaluation of the evidence or consider questions of credibility. Id. If the evidence presented would allow a reasonable juror to differ as to the conclusions that could be drawn, the Court must deny the motion for judgment as a matter of law. Frazier v. Iowa Beef Processors, Inc., 200 F.3d 1190, 1193 (8th Cir. 2000) (citing Ballard v. River Fleets, Inc., 149 F.3d 829, 831 (8th Cir. 1998)). "Judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." Foster v. Time Warner Entertainment Co., L.P., 250 F.3d 1189, 1194 (8th Cir. 2001) (internal quotation marks and citation omitted); see also Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000) (post-verdict judgment as a matter of law is appropriate only where the evidence is entirely insufficient to

support the verdict).  Great deference is given to the jury's verdict.  <u>Fletcher v. Price Chopper Foods of Truman, Inc.</u>, 220 F.3d 871, 875 (8th Cir. 2000).

Evidence before the jury, viewed in a light most favorable to defendant Port Jefferson, shows as follows:

On April 21, 2005, plaintiff Eureka Development entered into a Purchase Agreement with defendant Port Jefferson whereby Port Jefferson agreed to purchase from Eureka a parcel of land upon which a Walgreens was situated for the purchase price of Four Million, Six Hundred Ninety-Five Thousand, Three Hundred Seven and 00/100 Dollars ($4,695,307.00).  Pursuant to the terms of the Agreement, Port Jefferson was to initially deposit earnest money in the amount of $100,000.00 upon execution of the Agreement, and an additional $125,000.00 in earnest money upon the passage of the "Contingency Date" or Port Jefferson's waiver of the contingencies set out in Section 8 of the Agreement.  In the event Port Jefferson failed to close on the purchase due to its own default, and failed to cure the default within ten days after written notice thereof, the Purchase Agreement provided for the earnest money and any interest thereon to be paid to Eureka Development as liquidated damages.

Section 8 of the Purchase Agreement provided as follows:

> <u>Purchaser's Contingencies</u>.    Purchaser's obligation to consummate the purchase provided for herein shall be subject to the fulfillment, by satisfaction or waiver, on or before the date that is twenty-one (21) days from the date of this Agreement (the "Contingency Date") [i.e., May 12, 2005], of

the following contingencies:

a. <u>Documents</u>.        Purchaser's    reasonable
   approval of the Documents.

b. <u>Soil    and    Environmental    Reports</u>.
   Purchaser's reasonable approval of the
   soil and environmental condition of the
   Property.

c. <u>Building    Inspection</u>.        Purchaser's
   reasonable approval of an inspection of
   the buildings and other improvements
   located upon the Premises.

d. <u>Title</u>.  Purchaser's reasonable approval
   of the Title Commitment reflecting good
   and marketable fee simple title to the
   Property and all easements and other
   rights benefiting the Property.

e. <u>Survey Matters</u>.  Purchaser's reasonable
   approval  of  a  land  survey  of  the
   Property.


For purposes of Section 8(a), the "Documents" to be approved by

Port Jefferson included the Walgreens Lease.  (Purch. Agrmnt. Sec.

6(f).)  Section 8 further provided that

> [i]n the event that Purchaser is not satisfied
> with the contingencies above, Purchaser shall,
> on or before the Contingency Date, provide
> Seller with written notice . . . of its
> objection to the status of the Property, which
> Purchaser's Objection Notice shall include the
> specific reason(s) for its objection.  Seller
> shall have twenty (20) days after receipt of
> Purchaser's Objection Notice . . . to cure the
> matters   objected   to   by   Purchaser   in
> Purchaser's Objection Notice.  In the event
> that Seller shall cure the objections raised
> in Purchaser's Objection Notice within the
> Seller's Cure Period, Seller shall provide
> notice of the same to Purchaser and the
> parties shall proceed to Closing as set forth
> in this Agreement.  In the event Seller fails
> to or elects not to cure the objections raised
> in  Purchaser's  Objection  Notice   within

Seller's Cure Period, this Agreement shall be
deemed terminated. . . . If Purchaser fails to
provide or elects not to provide Purchaser's
Objection Notice on or before the Contingency
Date, the Purchaser shall be deemed to have
waived any objections to said contingencies
and this Agreement shall remain in full force
and effect.

In a written letter dated May 2, 2005, defendant Port
Jefferson, through attorney Lawrence A. Siegel, informed plaintiff
Eureka Development that it would not be proceeding with the
Purchase Agreement inasmuch as it was "not willing to assume any
liability for repairs and maintenance under the Lease and because
of the terms of the Lease and the potential environmental issues it
is not able to acquire the financing which it needs to conclude the
transaction."  On May 20, 2005, Eureka Development, through
attorney Stephen L. Beimdeck, responded to Port Jefferson's May 2
letter by writing, "[Y]our letter fails to identify with any
specificity whatsoever the contingencies to which your client
attempts to object[.]"  Eureka Development further wrote that in
its attempt to remedy Port Jefferson's objections under the "cure"
provision of the Purchase Agreement, it found the terms of the
Lease reasonable and that there were no environmental issues
identified which would prevent Port Jefferson's "reasonable
approval" of the environmental conditions.  Eureka Development
concluded that Port Jefferson's objections were "unreasonable,
unsupported and nonspecific" and that it would be considered in
default under the Purchase Agreement if it continued to maintain
such objections.

Thereafter, on June 7, 2005, Eureka Development, through attorney Beimdeck, wrote to Port Jefferson and informed it that the date for closing on the Purchase Agreement had passed and that Port Jefferson was in default. Eureka Development advised Port Jefferson that if such default were not cured within ten days, it would be entitled to the earnest money and any interest thereon as liquidated damages. In response, on June 13, 2005, Port Jefferson advised Eureka Development that it did not consider itself to be in default inasmuch as it was not properly bound to the Purchase Agreement given its objections to the contingencies which could not be cured.

In the instant Motion for Judgment as a Matter of Law, plaintiff argues that attorney Seigel's May 2, 2005, letter failed to provide specific reasons for Port Jefferson's objections to any contingency set forth in the Purchase Agreement and indeed identified only financing difficulties as its basis for not being able to continue with the Agreement. Plaintiff argues that, inasmuch as obtaining financing was not a contingency set forth in Section 8 of the Agreement and defendant provided no specific objections to any other contingency, defendant waived any objections to the contingencies under the terms of the Agreement and thus was bound to proceed to closing. As such, plaintiff argues, defendant's failure to close constituted a default under the Agreement and, because of its failure to cure such default, plaintiff was entitled to recover the liquidated damages as provided by the Agreement.

By special interrogatories, the jury in this cause found, first, that "[o]n or before 21 days from the date of the Purchase Agreement, . . . defendant Port Jefferson Realty provide[d] plaintiff Eureka Development with written notice of its objection to a Purchaser's Contingency(ies) which included specific reason(s) for its objection[.]"  The jury further found that "[w]ithin 20 days of receiving Port Jefferson's written notice of objections, . . . plaintiff Eureka Development [did not] cure the matters objected to by defendant in its written notice, and provide notice of such cure to defendant Port Jefferson[.]" (See Verdict Form A.) The jury thus entered its verdict in favor of defendant Port Jefferson on plaintiff's breach of contract claim.[1]  (Id.)

Upon review of the testimony and evidence adduced at trial, the undersigned finds that the jury was presented with sufficient evidence to support its determination that within the contingency period set out in the Purchase Agreement, Port Jefferson provided plaintiff Eureka Development with written notice of its objection to a Purchaser's Contingency(ies) which included specific reasons for its objection.  Attorney Siegel's letter of May 2 provided a sufficient basis upon which a reasonable juror could conclude that defendant provided specific reasons for its objection to a "Document" under Section 8.a of the Agreement, and specifically, the terms of the Walgreens Lease which required

_____

[1]The instant Motion for Judgment as a Matter of Law challenges only the verdict reached on plaintiff's breach of contract claim. The evidence relating to plaintiff's claim of bad faith is therefore not reviewed here.

defendant to assume liability for repairs and maintenance.  As summarized above, there was also sufficient evidence from which a reasonable juror could conclude that plaintiff did not cure this objection.  Although plaintiff argues that attorney Seigel's letter was insufficient to constitute an objection with specific reasons, the undersigned has reviewed the evidence and testimony adduced at the trial of this cause and cannot conclude that there was a complete absence of probative facts to support the conclusion reached by the jury.  Foster, 250 F.3d at 1194.

Because reasonable minds could differ as to the conclusions which could be drawn from the evidence, plaintiff's Motion for Judgment as a Matter of Law should be denied.  Frazier, 200 F.3d at 1193.


Therefore,

**IT IS HEREBY ORDERED** that plaintiff Eureka Development, Inc.'s Motion for Judgment as a Matter of Law (Docket No. 130) is denied.


_Fredrick R. Buckles_
UNITED STATES MAGISTRATE JUDGE



Dated this  _10th_  day of September, 2008.