UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUREKA DEVELOPMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:05CV1281 FRB |
| ) | |
| PORT JEFFERSON REALTY, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff Eureka Development, Inc.'s Motion for New Trial (Docket No. 132).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Eureka Development, Inc., brought this action against defendant Port Jefferson Realty, LLC, alleging that the defendant breached its contract with plaintiff for the purchase of certain realty and breached its duty of good faith and fair dealing under the contract, and that therefore it was entitled to recover liquidated damages as provided in the contract.  The matter was tried to a jury which returned verdicts in favor of defendant on plaintiff's claims.  Judgment reflecting the jury's verdicts was thereafter entered.

Plaintiff now moves for a new trial arguing that the Court erred in granting defendant's motion in limine which resulted in the exclusion of evidence that defendant failed to deposit

earnest money as required by the contract; that the Court erred in excluding evidence of negotiations regarding the defendant's attempt to reduce the amount of the initial deposit of earnest money; that the Court erred in excluding evidence of the defendant's demand that the Walgreens Lease not be changed; and that the jury's verdict was against the weight of the evidence. Defendant has responded to the motion to which plaintiff has replied.

> Rule 59 of the Federal Rules of Civil Procedure
>
> confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict. . . . A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice.

Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996) (citations omitted).

The determination to grant a new trial rests within the discretion of the trial court. Id. (citing Citizens Bank ov Batesville, Ark. v. Ford Motor Co., 16 F.3d 965, 967 (8th Cir. 1994)). When addressing a motion for new trial, the Court can "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). Although the Court has discretion to set aside the jury verdict and grant a new trial, it

"may not do so merely because it believes that the evidence permitted different inferences or that another result would be more reasonable." Blake v. J.C. Penney Co., 894 F.2d 274, 281 (8th Cir. 1990). Instead, "the [C]ourt must conclude that the jury reached a seriously erroneous result and must state its reasons for this belief." Id.

The Court's ultimate inquiry is whether the first trial resulted in a miscarriage of justice. White, 961 F.2d at 780. The burden of demonstrating that error warrants a new trial rests with the moving party. Comerio v. Beatrice Foods Co., 616 F. Supp. 1423, 1428 (E.D. Mo. 1985); see also Ricketts v. City of Columbia, Mo., 856 F. Supp. 1337, 1347 (W.D. Mo. 1993) (citing Comerio, 616 F. Supp. at 1428), aff'd, 36 F.3d 775 (8th Cir. 1994); Ramstad v. Lear Siegler Diversified Holdings Corp., 836 F. Supp. 1511, 1514 (D. Minn. 1993).

A.  Exclusion of Evidence

Plaintiff claims that the Court erred in its evidentiary rulings by excluding evidence of defendant's failure to deposit earnest money as required by the contract, defendant's attempt to reduce the amount of earnest money to be deposited, and defendant's demand prior to entering into the contract that the Walgreens Lease not be changed. Plaintiff argues that such evidence was relevant to its claim that defendant acted in bad faith in its failure to reasonably approve the contingencies set out in the contract.

Evidentiary errors justify a new trial if there was, in fact, an error and that error affected a party's substantial rights. Anderson v. Genuine Parts Co., 128 F.3d 1267, 1270 (8th Cir. 1997). A district court abuses its discretion in excluding evidence "[o]nly when the evidence excluded is of such a critical nature that there is 'no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted[.]'" Stephens v. Rheem Mfg. Co., 220 F.3d 882, 885 (8th Cir. 2000) (quoting Adams v. Fuqua Indus., Inc., 820 F.2d 271, 273 (8th Cir. 1987)).

*1. Failure to Pay Earnest Money*

Evidence presented to the jury showed that on April 21, 2005, plaintiff Eureka Development entered into a Purchase Agreement with defendant Port Jefferson whereby Port Jefferson agreed to purchase from Eureka a parcel of land upon which a Walgreens was situated for the purchase price of Four Million, Six Hundred Ninety-Five Thousand, Three Hundred Seven and 00/100 Dollars ($4,695,307.00). Pursuant to the terms of the Agreement, Port Jefferson was to initially deposit earnest money in the amount of $100,000.00 upon execution of the Agreement, and an additional $125,000.00 in earnest money upon the passage of the "Contingency Date" or Port Jefferson's waiver of the contingencies set out in Section 8 of the Agreement. In the event Port Jefferson failed to close on the purchase due to its own default, and failed to cure

the default within ten days after written notice thereof, the Purchase Agreement provided for the earnest money and any interest thereon to be paid to Eureka Development as liquidated damages.

In its Petition, plaintiff alleged in Count I that defendant breached the terms of the Purchase Agreement by failing to close on the property and failing to cure its default as provided by the Agreement. Plaintiff alleged in Count II that defendant breached its duty of good faith and fair dealing by failing to reasonably approve the contingencies set forth in the Agreement, and specifically by

> (a) Refusing to assume liability for repairs and maintenance under the Lease with Walgreens.
>
> (b) Refusing to approve the terms of the Walgreens Lease.
>
> (c) Refusing to approve the environmental condition of the real estate.
>
> (d) Refusing to acquire financing for the transaction.
>
> (e) Refusing to close under the Purchase Agreement.
>
> (f) Refusing to cure its default under the Purchase Agreement.

(Petn. at p. 6.)

For each of Counts I and II, plaintiff sought to recover $100,000.00 which represented the initial amount of earnest money to be deposited by defendant under the terms of the Agreement. Finally, in Count III of the Petition, plaintiff alleged that

defendant breached the terms of the Purchase Agreement by failing to deposit the additional $125,000.00 in earnest money upon the passage of the Contingency Date or Port Jefferson's waiver of the contingencies set out in Section 8 of the Agreement. For Count III, plaintiff sought to recover $125,000.00, which represented the second deposit of earnest money to be made by defendant under the terms of the Agreement.

Prior to trial, defendant Port Jefferson moved in limine to exclude evidence of its failure to deposit any earnest money relating to the Purchase Agreement. (Docket No. 101.) Defendant specifically argued that, although noted in plaintiff's Petition as a factual allegation common to all counts, defendant's failure to deposit earnest money was not relevant to nor an element of plaintiff's claims of breach of contract or plaintiff's claim of bad faith as pled in the Petition. Upon reviewing the thorough briefs of the parties and hearing oral argument on this issue, the undersigned determined to grant defendant's motion and such evidence was excluded at trial.

The specific issue raised in this case was whether the defendant's objections to the contingencies set out in Section 8 of the Agreement were specific enough and reasonable. If such objections were determined to be specific and reasonable and plaintiff failed to cure said objections, the Agreement, under its own terms, was terminated and defendant would be under no

obligation to proceed to closing or to deposit $125,000.00 in additional earnest money. (See Purch. Agrmnt. Sec. 8.) If, on the other hand, it was determined that such objections were not specific and reasonable, the defendant would have been found to have breached the Agreement inasmuch as it did not proceed to closing and did not cure the resulting default under the contract. Accordingly, in light of this specific issue, the undersigned excluded evidence tending to show conduct unrelated to defendant's objections to the contingencies set out in Section 8 of the Agreement. Because under the terms of the Agreement, the deposit of earnest money was in no way related to the contingencies, and any failure to make such deposit could not constitute a basis upon which defendant could default under the Agreement and thus entitle plaintiff to damages thereunder, the undersigned excluded evidence thereof.[1]

As noted by the Court at the hearing on the motion in limine, resolution of this case turned on the specific issue of whether defendant's objections to the contingencies set out in Section 8 of the Agreement were specific and reasonable. The introduction of evidence unrelated to the contingencies and

---

[1] Indeed, for these same reasons, the undersigned likewise excluded evidence proffered by defendant showing plaintiff to have entered into a subsequent Purchase Agreement with a separate entity which, defendant argued, ostensibly cured the objections raised by the defendant here. Defendant argued that such subsequent Agreement showed the reasonableness of its objections to the contingencies set out in the instant Agreement inasmuch as the plaintiff was able to "cure" the problems identified by defendant.

defendant's objections thereto would have introduced matters irrelevant to plaintiff's recovery under the Agreement and thus had the potential to confuse the jury as to what issues were to be resolved in the instant case. Nothing submitted by the plaintiff in the instant motion or supporting memorandum serves to persuade the Court that the ruling made on this matter at the time of trial was incorrect.

Upon review of the claim raised and the record in this cause, the undersigned determines the Court's previous ruling not to be in error for the reasons previously stated on the record. In addition, because the admission of this evidence would have had no effect on the conclusion reached by the jury inasmuch as the failure to deposit earnest money was unrelated to the specific issue to be resolved, a new trial is not warranted here. Stephens, 220 F.3d at 885; Anderson, 128 F.3d at 1270.

   *2. Evidence of Pre-Agreement Negotiations*

Plaintiff argues that the Court erred in excluding evidence of negotiations which occurred prior to the execution of the Purchase Agreement wherein defendant sought to lower the amount of earnest money to be initially deposited. Inasmuch as the issue of earnest money bore no relevance to the claims at issue in this case, see discussion supra at Sec. A.1, plaintiff's request for new trial on the basis of the exclusion of evidence of negotiations relating thereto should be denied.

Plaintiff also argues, however, that the Court erred by excluding evidence of pre-execution negotiations wherein defendant demanded that the terms of the Walgreens Lease not be changed or modified. Plaintiff contends that evidence of defendant's demand to not change the Lease, to which plaintiff acquiesced, combined with its subsequent objection to the Agreement's contingencies on the basis of the terms of such Lease demonstrates defendant's bad faith and unreasonableness in its objections. This is especially relevant to the specific matter at issue, plaintiff argues, because in light of its acquiescence in defendant's demand not to change the terms of the Lease, it was precluded from curing the purported objections to the Lease subsequently raised by the defendant. For the following reasons, plaintiff's claim is without merit.

Plaintiff proffered to the Court correspondence dated March 30, 2005, from defendant Port Jefferson, through attorney Lawrence A. Siegel, to plaintiff Eureka Development wherein Siegel requested that a provision be included in the Purchase Agreement that the Seller not change or modify any term of the Walgreens Lease pending Closing. (Pltf.'s Memo. in Support of Mot. for New Trial, marked as Exh. 163.)[2] On that same date, March 30, 2005,

---

[2] It is apparent from a reading of the letter in its entirety that at the time of its drafting, Siegel had not yet had the opportunity to review the Walgreens Lease: "As I have previously e-mailed to you I need to see the Walgreen's [sic] Lease as soon as possible. I understand that it has been Federal Expressed to Joe Tosini and he is suppose [sic] to deliver it to my office. It might be helpful if you can email me a copy of the Lease if that is possible." (Pltf.'s Memo. in Support of Mot. for New Trial, marked

Siegel submitted to Eureka Development a working draft of the Purchase Agreement wherein he included the following language: "[4.j.] Seller covenants and agrees with Purchaser from the date hereof and until the Closing that without the prior written consent of Purchaser: . . . (ii) Seller will not amend or modify the Walgreens Lease." (Pltf.'s Memo. in Support of Mot. for New Trial, marked as Exh. 60.) Eureka Development agreed to the insertion of this language in the Purchase Agreement, id., and indeed a review of the executed Purchase Agreement submitted to the jury shows such language to be included.

Eureka Development's argument that pre-Agreement negotiations to insert the "no modify" language precluded it from curing defendant's purported objections to the terms of the Walgreens Lease runs contrary to the plain language of the Purchase Agreement. As stated by the undersigned at the pretrial hearing, the Purchase Agreement speaks for itself. Under Section 4.j. of the executed Agreement, it was expressly agreed that Eureka Development would not amend or modify the Walgreens Lease "without the prior written consent of" Port Jefferson. As such, nothing prevented Eureka Development from modifying the terms of the Walgreens Lease as long as it had Port Jefferson's written consent to do so. Evidence presented, however, showed plaintiff not to attempt to cure any objection raised by Port Jefferson or to seek

---

as Exh. 163, Letter, comment 2.)

Port Jefferson's written consent to modify the Lease to satisfy its objection. Indeed, Eureka Development posited to Port Jefferson that the objections to the Lease did not need to be cured inasmuch as *Eureka Development* deemed the Lease's terms to be reasonable.

Contrary to plaintiff's argument, the pre-Agreement negotiations regarding the terms of the Walgreens Lease which resulted in the "no modification without written consent" language set out in Section 4.j. of the Agreement had no preclusive effect on plaintiff's ability to cure any objections to the Walgreens Lease. As such, it cannot be said that the excluded evidence of these negotiations was of such a critical nature that there is no reasonable assurance that the jury would have reached the same conclusion had such evidence been admitted. Accordingly, plaintiff's Motion for New Trial should be denied to the extent plaintiff argues that the Court improperly excluded evidence of pre-Agreement negotiations regarding the modification of the Walgreens Lease.

B. <u>Weight of the Evidence</u>

Plaintiff claims that the jury's verdicts for the defendant in this cause were against the weight of the evidence. Specifically, plaintiff argues that attorney Seigel's letter of May 2, 2005, was insufficient under the terms of the Purchase Agreement to constitute written objections to the contingencies set out therein; and thus that the evidence therefore demonstrated

defendant to have breached the terms of the Agreement by failing to close on the property and failing to cure its default. Plaintiff also argues that overwhelming evidence, including defendant's pre-Agreement knowledge of the purportedly objectionable conditions of the property, showed defendant to have acted in bad faith in its failure to reasonably approve the contingencies set out in the Agreement.

The burden of demonstrating that the verdict was against the weight of the evidence rests with the moving party. Ricketts v. City of Columbia, Mo., 856 F. Supp. 1337, 1347 (W.D. Mo. 1993) (citing Comerio v. Beatrice Foods Co., 616 F. Supp. 1423, 1428 (E.D. Mo. 1985)), aff'd, 36 F.3d 775 (8th Cir. 1994). The Court will grant a new trial only "if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Walker, 393 F.3d 842, 848 (8th Cir. 2005). Upon review of the evidence and testimony adduced at the trial of this cause, the undersigned cannot conclude that the jury's verdicts were not supported by the evidence or resulted in a miscarriage of justice. There was conflicting credible evidence adduced from numerous witnesses in this case from which the jury was required to determine whether plaintiff had met its burden of proving by a preponderance of such evidence that the defendant breached its contract with plaintiff and/or acted in bad faith in its conduct. The jury's verdicts demonstrated that the plaintiff

failed to meet its burden.  Upon review of the evidence, the undersigned cannot state that the jury's verdicts were unreasonable.  "[W]here reasonable men can differ in evaluating credible evidence, a new trial on the ground of weight of the evidence should not be granted."  <u>White</u>, 961 F.2d at 781.

Therefore, to the extent plaintiff's Motion for New Trial is based on the claim that the jury's verdicts were against the weight of the evidence, the motion should be denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Eureka Development, Inc.'s Motion for New Trial (Docket No. 132) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _10th_ day of September, 2008.