UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EUREKA DEVELOPMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:05CV1281 FRB |
| | ) | |
| PORT JEFFERSON REALTY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Presently pending before the Court is defendant Port Jefferson Realty, LLC's Motion for Attorneys' Fees and Costs (Docket No. 134).  Also before the Court is defendant's bill of costs (Docket No. 136.)  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Eureka Development, Inc., brought this action against defendant Port Jefferson Realty, LLC, alleging that the defendant breached its contract with plaintiff for the purchase of certain realty and breached its duty of good faith and fair dealing under the contract, and that therefore it was entitled to recover liquidated damages as provided in the contract.  The matter was tried to a jury which, after a five-day trial, returned verdicts in favor of defendant on plaintiff's claims.  Judgment reflecting the jury's verdicts was thereafter entered.  Defendant now seeks an award of attorneys' fees and costs pursuant to the terms of the

contract.[1]

In a diversity action such as this, state law governs the availability of attorneys' fees where no conflicting federal statute or court rule applies. Burlington Northern R. Co. v. Farmers Union Oil Co., 207 F.3d 526, 534 (8th Cir. 2000). Neither conflict exists in this case. Missouri follows "the 'American Rule,' which provides that litigants must bear the expense of their own attorney's fees." First State Bank of St. Charles v. Frankel, 86 S.W.3d 161, 175 (Mo. Ct. App. 2002). An exception to this rule is that "a trial court may award attorney's fees to a prevailing party if a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision." Id. at 175-76. Section 17.k. of the Purchase Agreement at issue in this case provides that "[i]n any action or litigation between Purchaser [Port Jefferson] and Seller [Eureka Development] as a result of failure to perform or default under this Agreement, the prevailing party shall be entitled to recover such reasonable attorneys' fees and court costs as may be awarded by the court." Accordingly, inasmuch as defendant Port Jefferson prevailed in this cause of action on the claims raised in plaintiff's Petition, it now requests an award of attorneys' fees in the amount of $213,220.50 and costs taxed against the plaintiff in the amount of

---

[1]By separate Memoranda and Orders entered this date, plaintiff Eureka Development's Motion for New Trial and Motion for Judgment as a Matter of Law were denied.

$5,071.97. Plaintiff has objected to the amount of attorneys' fees sought.

In determining a reasonable award of fees and costs in this case, the Court will apply Missouri law because the Purchase Agreement, which provides the basis for such an award, states that it shall be governed by and construed in accordance with the laws of the State of Missouri. (Purch. Agrmnt. Sec. 17.h.) Under Missouri law, the reasonableness of attorneys' fees is determined by examining the time expended; the nature, character and amount of the services rendered; the nature and importance of the litigation; the degree of responsibility imposed on the attorney; the amount of money involved; the degree of professional ability; skill and experience called for and used; and the result obtained. <u>Roberts v. Rider</u>, 924 S.W.2d 555, 558-59 (Mo. Ct. App. 1996) (quoting <u>Murphy v. Grisham</u>, 625 S.W.2d 215, 217 (Mo. Ct. App. 1981)). With this standard in mind, the Court will now address plaintiff's objections to the fee request.

As an initial matter, plaintiff argues that the reasonableness of the requested fees cannot be inferred inasmuch as defendant has failed to demonstrate that the client has actually *paid* the fees. Assuming without deciding that the payment of fees is a necessary factor to be considered in determining the reasonableness of such fees, the undersigned notes that defendant has since submitted a Second Declaration of Attorney John W. Rogers

declaring that Port Jefferson has fully paid the amount of fees and expenses sought in the instant Motion for Attorneys' Fees and Costs. (Deft.'s Reply Brief, Exh. 1.) Plaintiff's argument as to reasonableness on the basis of actual payment is thus moot.

Plaintiff next argues that defendant should not recover $19,229.00 in fees which were incurred in the prosecution of its Motion for Summary Judgment, which ultimately proved to be unsuccessful. Where a prevailing party achieves only limited success, the Court should award only that amount of fees that is reasonable in relation to the results obtained. Clymore v. Far-Mar-Co., Inc., 576 F. Supp. 1161 (W.D. Mo. 1983). However, courts are discouraged from taking a mathematical approach comparing the total number of issues in the case with those actually prevailed upon. Id.

In this cause, defendant obtained fully favorable results on all claims brought against it by plaintiff Eureka Development and obtained a fully favorable judgment thereon. In light of this fully favorable result, the Court declines to take a hyper-technical approach and attempt to separate those issues raised prior to trial on which defendant succeeded and did not succeed. The issues raised in defendant's Motion for Summary Judgment related to whether plaintiff was entitled to recover monetary damages in the circumstances of this case, regardless of any alleged breach of the contract. Despite plaintiff's current

characterization of defendant's argument as "illogical" (see Deft.'s Memo. in Oppos. to Mot. for Fees and Costs, p. 3), it nevertheless provided the Court with a thirteen-page brief in opposition to defendant's motion as well as numerous exhibits supporting its position.  In addition, the Court's adverse determination of defendant's motion was based on thoughtful consideration and analysis of the relevant law as applied to the facts presented and was not dismissive of defendant's position as frivolous or illogical.  In light of the above, and the interrelatedness of the issues raised in defendant's motion with those issues upon which defendant prevailed, the undersigned determines not to reduce defendant's fee award merely because of its unsuccessful Motion for Summary Judgment.

Plaintiff also argues that defendant should not recover $867.00 in fees which were incurred in preparing a Motion to Quash Deposition which was not filed in the case.  In its reply, defendant concedes that the Motion to Quash was prepared and not filed, and further avers that it determined to go forward with the deposition rather than challenge it "because it would likely become more costly to fully brief and argue the motion than simply appearing for the unnecessary deposition."  (Deft.'s Reply Brief, p. 9.)  The undersigned finds it unreasonable to pass on the cost for work expended which the prevailing party itself determined not to be necessary to the litigation.  Defendant's fee award will

therefore be reduced by $867.00. Plaintiff raises no other objection to defendant's request for attorneys' fees and costs.

In addition, the undersigned notes that plaintiff makes no objection to the hourly rates charged by defendant's attorneys. Upon the evidence presented, the undersigned finds the hourly rates requested to be reasonable.

Upon review of the evidence submitted with the instant motion and plaintiff's objections, and upon consideration of the time expended by counsel in this cause; the nature, character and amount of the services rendered; the nature and importance of the litigation; the degree of responsibility imposed on the attorney; the amount of money involved; the degree of professional ability; skill and experience called for and used; and the excellent results obtained, the undersigned determines an award of attorneys' fees in the amount of $212,353.50 to be reasonable.

With respect to defendant's bill of costs, a review of the file shows plaintiff not to have filed objections to the bill and the time for doing so has passed. See Local Rule 8.03(A). Nevertheless, a review of the bill shows that the costs incurred which defendant seeks to be taxed are reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Port Jefferson Realty, LLC's Motion for Attorneys' Fees and Costs (Docket No. 134) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendant Port Jefferson Realty, LLC, shall recover of plaintiff Eureka Development, Inc., attorneys' fees in the amount of Two Hundred Twelve Thousand, Three Hundred Fifty-Three and 50/100 Dollars ($212,353.50).

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against plaintiff Eureka Development, Inc., and for defendant Port Jefferson Realty, LLC, in the amount of Five Thousand, Seventy-One and 91/100 Dollars ($5,071.91) as reflected in defendant's bill of costs (Docket No. 136).

An appropriate Judgment for attorneys' fees is entered herewith.

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _10th_ day of September, 2008.